IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL PAUL MASON,

        Applicant,

vs.                                                                      Civil No. 08-665 JCH/RHS

ERASMO BRAVO, et al.,

        Respondents.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

    1. THIS MATTER comes before the Court on consideration of Applicant Michael Mason's "Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by a Person in State Custody" ("Application"), filed July 16, 2008 **[Doc. No. 1]**. Having reviewed the parties' submissions, it appears that Mr. Mason's Application is time-barred by the one-year statute of limitations in the Antiterrorist and Effective Death Penalty Act of 1996 ("AEDPA"). See Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998). Applicant is incarcerated and proceeding *pro se*.

    2. Mr. Mason pleaded guilty to Murder (Felony), Conspiracy to Commit Murder and Larceny Over $20,00.00. (See Judgment, Sentence and Order Partially Suspending Sentence and Commitment to the Penitentiary ("Judgment"), Ex. A, attached to Answer, filed Aug. 27, 2008 **[Doc. No. 9]**).[1] The Judgment was filed in New Mexico state district court on December 23,

---

[1] Unless otherwise indicated, all exhibits referenced in this document are attached to Respondents' Answer.

1996.  (See id.).  Mr. Mason did not appeal his conviction or sentence on direct review.  Thus, his conviction became final no later than 30 days following the entry of judgment, on approximately January 27, 1997.  See, e.g., Fitts v. Williams, 232 F.3d 901, 2000 WL 1480494, at **1 (10th Cir. Oct. 6, 2000) (unpublished table decision) (explaining that where petitioner did not seek direct review in state court, petitioner cannot include the 90 day period during which he might have filed a writ of certiorari with the Supreme Court of the United States in the tolling calculus for determining the finality of a conviction).[2]  In order to avoid the one-year statue of limitations, Mr. Mason was required to file his federal habeas application by approximately January 28, 1998.

    3.  Mr. Mason filed the instant Application on July 16, 2008, which exceeds the AEDPA limitation period by more than ten years.  On September 6, 2007, Mr. Mason filed a Petition for a Writ of Habeas Corpus in state court.  (See Ex. D).  However, because the state habeas petition was not filed until *after* the AEDPA limitations period expired, the time during which it was pending in state court cannot be used to toll the statute of limitations.  Thus, tolling pursuant to § 2244(d)(2) does not bring Mr. Mason's Application within the one-year time limit.

    4.  Moreover, it does not appear that the entry of an amended judgment on April 15, 2008 either affected the finality of the original Judgment or restarted the AEDPA limitations period with respect to Mr. Mason's federal application.  The only changes reflected in the amended judgment are: (1) the deletion of a "recommendation" that Mr. Mason be placed in solitary confinement one day a year during his incarceration, and (2) clarification that payments to the Crime Victim Reparations Commission are part of Mr. Mason's conditions of probation.  (See

---

[2] See also N.M.R.A. § 12-201(A) ("A notice of appeal shall be filed . . . . within thirty (30) days after the judgment or order appealed from is filed.").

Ex. B at unnumbered page 4).  See United States v. Greer, 79 Fed.Appx. 974, 974-75 (9th Cir. Oct. 30, 2003) (not selected for publication) (explaining that the finality of an original judgment is not affected where an amended judgment does not substantively change the sentence imposed and adds no new basis for appeal) (citing Clay v. United States, 537 U.S. 522, 527-28 (2003)) (cited in Wray v. Ward, 2007 WL 1822388, at *7 n.4 (N.D.Okla. Jun. 22, 2007) (not reported)).

     5.  Finally, nothing indicates that equitable tolling is applicable in this case.  Equitable tolling is appropriate "only in rare and exceptional circumstances."  Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).  The Court is not aware of any "extraordinary circumstances" that would justify equitable tolling.  See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).  Moreover, Applicant's failure to seek collateral relief in state court until more than ten years after his conviction became final demonstrates a lack of diligence in pursuing his claims.[3]  Accordingly, the Court concludes that the limitations period is not equitably tolled.

## Recommendation

For all the reasons set forth above, the Court respectfully recommends that the "Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by a Person in State Custody" **[Doc. No. 1]** be DENIED and this civil proceeding be DISMISSED with prejudice on the basis that the Application is time-barred.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the

---

[3] "A necessary predicate to the availability of equitable tolling is that the petitioner has diligently pursued his claims."  Loving v. Mahaffey, 27 Fed.Appx. 925, 926, 2001 WL 1564057, at *1 (10th Cir. Dec. 10, 1001) (unpublished) (citing Fisher v. Gibson, 262 F.3d 1135, 1143 (10th Cir. 2001)).

fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE